UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

F.C. FOREST AVENUE ASSOCIATES, LLC,

                       Plaintiff,    REPORT AND
                                   RECOMMENDATION

        - against -           CV 2000-7446 (SJ)(MDG)

REGAL CINEMAS, INC., et ano,

                       Defendants.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    This is an action removed from state court brought by plaintiff F.C. Forest Avenue Associates, LLC ("FC Forest") to regain possession of premises at 2178 Forest Avenue, Staten Island, New York (the "premises") leased to the defendant Regal Cinemas, Inc. ("Regal").

    The Honorable Sterling Johnson, Jr. has referred plaintiff's motion to remand this action.

## BACKGROUND

    On November 30, 2000, plaintiff commenced a summary proceeding in the Civil Court of the City of New York, County of Richmond by filing a holdover petition ("Holdover Petition") pursuant to Section 711 of the New York Real Property Actions and Proceedings Law to evict Regal and unknown subtenants that may be occupying the premises. See Declaration of David L. Berliner

dated January 9, 2001 ("Berliner Decl.") at 2 annexed to notice of motion.  In its holdover petition, plaintiff alleges that it terminated its lease for the premises because of Regal's default in the terms of the lease.  See Holdover Petition, ¶¶ 3-4, annexed as Exh. A to the Berliner Decl.  As stated in a notice of termination sent to Regal, FC Forest claimed that Regal's default included a failure to complete required work in the premises and to remove all liens of record.  See attachment A to Holdover Petition.

On December 15, 2000, Regal removed the action to this Court.  In its answer filed on December 18, 2000, Regal asserted numerous counterclaims against FC Forest, as well as additional claims against various affiliates of FC Forest.  See Answer (court document no. 10).[1]  These counterclaims were based, in large part, on allegations that FC Forest and its affiliates engaged in a course of conduct to deprive Regal of its equity interest in the premises and in several other properties in Manhattan, Brooklyn and New Jersey by, inter alia, failing to pay subcontractors performing work at the premises and refusing to fund construction work.  See Answer, ¶¶ 18-35.  The counterclaims included claims in contract and fraud, as well as claims for

---

[1]  Although defendant has, in its answer, characterized the claims against plaintiff's affiliates as third party claims, defendant acknowledged at oral argument that the claims against the affiliates should have been pled as counterclaims and these entities treated as defendants on the counterclaim pursuant to Fed. R. Civ. P. 14(h), rather than third-party defendants.

violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (1988) ("RICO").

## DISCUSSION

On a motion to remand a case removed from a state court based on diversity jurisdiction, the removing party has the burden of establishing the basis for federal jurisdiction.  See R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); Mopaz Diamonds, Inc. v. Inst. of London Underwriters, 822 F.Supp. 1053, 1055 (S.D.N.Y. 1993); see also McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 183 (1936) (party asserting federal jurisdiction has the burden of proving that diversity exists); United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (same).  As a general rule, the first step in analyzing a motion to remand is to determine whether either "federal question" or "diversity" jurisdiction pursuant 28 U.S.C. §§ 1331, 1332 exists.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

In its removal petition, Regal invokes diversity jurisdiction under 28 U.S.C. § 1332, alleging that it is a citizen of the State of Tennessee and plaintiff is a citizen of the State of New York.  FC Forest does not challenge Regal's allegation that the requirements for diversity jurisdiction have been met.  Rather, plaintiff argues that this Court lacks jurisdiction to adjudicate landlord/tenant disputes.  See Plaintiff's Memorandum of Law in Support of Motion ("Pl.'s Memo")

-3-

at 2.  The first case to forward this proposition was <u>Glen 6</u>
<u>Assocs. v. Dedaj</u>, 770 F.Supp. 225, 227-28 (S.D.N.Y. 1991), in
which the court remanded a landlord/tenant action removed from
state court for lack of original jurisdiction.[2]  In <u>Glen 6</u>, the
court reasoned that because the Federal Rules do not provide for
the summary adjudication of landlord/tenant disputes, federal
courts lack subject matter jurisdiction to hear such actions.
<u>Id.</u> at 228.  Also underlying the holding was the court's concern
that retaining jurisdiction over such cases "will not only
overburden the federal system but will also completely emasculate
the state structure for dealing with such disputes."  <u>Id.</u> at 229.

However justified the fear of opening the flood gates may
be, I respectfully disagree with the holding in <u>Glen 6</u>.  Under 28
U.S.C. § 1441(a), a party may remove "any civil action brought in
a State court of which the district courts of the United States
have original jurisdiction...."  Thus, federal jurisdiction
based on removal is, in large part, coextensive with original
diversity or federal jurisdiction.  <u>See</u> <u>Northbrook Nat'l Ins. Co.</u>
<u>v. Brewer</u>, 493 U.S. 6, 9-11 (1989).  Although removal statutes

---

[2]    Plaintiff primarily discusses <u>MRM Mgmt. Co. v. Ali</u>, No.
97 Civ. 1029 (SJ), 1997 WL 285043 (E.D.N.Y. May 27, 1997) and
<u>DiNapoli v. DiNapoli</u>, No. 95 Civ. 7872 (SS), 1995 WL 555740
(S.D.N.Y. Sept. 19, 1995), two cases which rely on <u>Glen 6</u> in
support of the proposition that federal courts should not, as a
general rule, hear summary landlord/tenant proceedings.  However,
this Court in <u>MRM Mgmt</u> also noted that the federal claims
asserted were stated in a conclusory fashion.  Likewise, then
District Judge Sotomayor in <u>DiNapoli</u> cited <u>Glen 6</u> in connection
with her discussion that no federal claim was presented and
specifically found lack of diversity jurisdiction.

must be strictly construed, see Shamrock Oil & Gas Corp. v.
Sheets, 313 U.S. 100, 108-09 (1941); Somlyo v. J. Lu-Rob Enter.,
Inc., 932 F.2d 1043, 1045 (2d Cir. 1991), no language in Section
1441 excepts certain types of civil actions from the original
jurisdiction of federal courts for purposes of removal, other
than the provision in Section 1441(c) limiting the right of a
"local" defendant from removing a case.

Likewise, the diversity statute, 28 U.S.C. § 1332, broadly
provides for original federal jurisdiction so long as diversity
of citizenship exists and the requisite jurisdictional amount is
met.  A. Wright, C. Miller & E. Cooper, 13B Federal Practice and
Procedure § 3609 at 459 (2d ed. 1984).  Although courts have
created exceptions to diversity jurisdiction, the only two widely
recognized exceptions are in cases involving domestic relations
and probate.  Id.  Given the clear statutory requirements for
diversity jurisdiction, courts have also recognized that the
scope of these two exceptions have been "rather narrowly
confined."  Phillips, Nizer, Benjamin, Krim & Ballon v.
Rosenstiel, 490 F.2d 509, 514 (2d Cir. 1973).

These two exceptions to diversity jurisdiction were
recognized by the Supreme Court well over a century ago, see,
e.g., Barber v. Barber, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226
(1858) (matrimonial exception); In re Broderick's Will, 88 U.S.
(21 Wall) 508, 509-510 (1874).  In contrast, the landlord/tenant
"exception" to removal advocated by plaintiff has neither

longstanding nor widespread acceptance; in fact, over fifty years ago, this Court rejected the notion that landlord/tenant disputes should be treated differently from other civil actions within the court's diversity jurisdiction.  See Famous Realty, Inc. v. Flota Mercante Grancolombiana, S.A., 81 F.Supp. 553 (E.D.N.Y. 1948) (finding diversity jurisdiction over landlord/tenant dispute removed from state court); see also Ezon v. Cornwall Equities Ltd., 540 F.Supp. 885, 888 (S.D.Tex. 1982).  Both the Second Circuit and district courts in New York have adjudicated landlord/tenant disputes involving diverse parties, without raising the question of subject matter jurisdiction.  See, e.g., Santangelo v. Valenti, 129 F.3d 114 (Table, Text in WESTLAW), 1997 WL 701362 (2d Cir. 1997) (affirming dismissal of landlord/tenant dispute for failure to prosecute); Fluent v. Salamanca Indian Lease Auth., 928 F.2d 542 (2d Cir. 1991); Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770 (2d Cir. 1988); South Park Assocs., L.L.C. v. Renzulli, 94 F.Supp.2d 460 (S.D.N.Y. 2000), aff'd, 242 F.3d 368 (2nd Cir. 2000).  Other courts remanding such proceedings to state court have done so only because the plaintiff was unable to allege either a fed eral claim or diversity jurisdiction.  See, e.g., Macebuh v. Parker, No. 93 Civ. 8751 (CSH), 1994 WL 4258 (S.D.N.Y. Jan. 7, 1994); DiNapoli, 1995 WL 555740.

Furthermore, the summary nature of the procedures used in landlord/tenant proceedings in state court is not dispositive of

the question whether an action may be removed.  As the Supreme
Court has long recognized, the removability of an action is not
affected by "different and special provisions" utilized in the
state case.  <u>Madisonville Traction Co. v. Saint Bernard Mining
Co.</u>, 196 U.S. 239, 249 (1905).  In <u>Madisonville Traction</u>, the
Court upheld the removal of a condemnation proceeding in a
jurisdiction where the clerk of the court appointed commissioners
to assess damages and a jury trial was held only if a party
objected to the report of the commissioners.  <u>Id.</u>  Similarly, the
Supreme Court in <u>Comm'rs of Road Improvement Dist. No. 2 of
Lafayette County, Ark. v. St. Louis Southwestern Ry. Co.</u>, 257
U.S. 547, 561, (1922) noted the right of removal is not curtailed
as to "cases in the state court which, because of their peculiar
form would be awkward as an original suit in a federal court...."

Accordingly, courts have concluded that the summary nature
of a proceeding is not a reason to reject removal of a state
proceeding.  <u>See</u> <u>Weems v. McCloud</u>, 619 F.2d 1081 (5th Cir. 1980)
(removal of summary proceeding to confirm non-judicial sales);
<u>Balf Co. v. Exxon Corp.</u>, 682 F.Supp. 735, 736 (D.Conn. 1988)
(removal of summary forcible entry and detainer); <u>Ezon v.
Cornwall Equities Ltd.</u>, 540 F.Supp. 885, 888 (S.D.Tex. 1982)
(same); <u>Famous Realty</u>, 81 F.Supp. at 555 (landlord/tenant
proceeding).  By the same reasoning, other courts have upheld the
removal of cases involving state procedural rules different from
the Federal Rules.  <u>See</u>, <u>e.g.</u>, <u>Butler v. Polk</u>, 592 F.2d 1293,

1295 (5th Cir. 1979) (writ of garnishment removable); <u>Fresquez v.</u>
<u>Farnsworth & Chambers Co.</u>, 238 F.2d 709 (10th Cir. 1956) (removal
of workers compensation proceeding instituted in state court).
Most of these cases involve proceedings which, along with
landlord/tenant proceedings, are routine matters commonly
addressed by state courts by the multitude.

Finally, the Court notes that FC Forest does not seek remand
of the counterclaims.  <u>See</u> Pl.'s Memo at 1.  Although not
addressed by plaintiff, the allegations in Regal's answer clearly
suffice to establish diversity jurisdiction and have, at least on
superficial review, stated a federal claim under RICO.  This
Court may, and I recommend that it does, retain jurisdiction over
these counterclaims, irrespective of whether the holdover
petition is remanded to state court.  <u>See</u> <u>Kuehne & Nagel v.</u>
<u>Geosource, Inc.</u>, 874 F.2d 283 (5th Cir. 1989) (compulsory
counterclaim resting on an independent ground of federal
jurisdiction may be adjudicated despite the dismissal of the
complaint); <u>Haberman v. Equitable Life Assur. Soc. of U.S.</u>, 224
F.2d 401, 409 (5th Cir. 1955); <u>Manufacturers Cas. Ins. Co. v.</u>
<u>Arapahoe Drilling Co.</u>, 267 F.2d 5, 7-8 (10th Cir.1959).


<u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend that
plaintiff's motion to remand be denied.

This report and recommendation will be filed via Electronic

Case Filing on this date.  Any objections to this Report and

Recommendation must be filed with the Clerk of the Court, with a

copy to the undersigned, by June 11, 2001.  Failure to file

objections within the specified time waives the right to appeal.

<u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      SO ORDERED.

Dated:      Brooklyn, New York
            May 25, 2001

                        /s/

                        MARILYN DOLAN GO
                        UNITED STATES MAGISTRATE JUDGE